```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

MARIA LOPEZ,                     *

     Plaintiff,                  *

vs.                              *
                                         CASE NO. 4:19-CV-134(CDL)
WALMART INC., OLYMPIA TOOLS      *
INTERNATIONAL INC., and KUNJEK
HANDTOOLS & HARDWARE CO. LTD.,   *

     Defendants.                 *
```

O R D E R

KunJek Handtools & Hardware Company, Ltd., a Chinese corporation, moved to dismiss Plaintiff's claims against it for insufficient service. Plaintiff claims that she properly served KunJek by delivering a copy of the summons and complaint to a receptionist at the address for KunJek's registered agent in the United States. Plaintiff filed a motion for default judgment, asserting that KunJek did not timely answer or otherwise respond to her complaint after being served. As discussed below, Plaintiff has not established that she properly served KunJek, so she is not entitled to a default judgment. The Court declines to dismiss Plaintiff's claims against KunJek today. Within ninety days of the date of this Order, Plaintiff shall properly serve KunJek in accordance with the law and file a

proof of service.  If she fails to do so, her claims against KunJek will be dismissed without prejudice.

A corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(B); Fed. R. Civ. P. 4(e)(1).  Here, Plaintiff acknowledges that the California secretary of state's website lists KunJek's registered agent in the United States as Mr. Hao Wen, with an address in Corvina, California.  Plaintiff admits that her process server delivered the summons and complaint to Nadine Winters, a receptionist at the address, and not to Mr. Wen.[1]  Plaintiff did not, however, point to any evidence that Ms. Winters was an officer, a managing or general agent, or agent authorized by appointment or law to receive service of process.  So, service was not proper under Rule 4(h)(1)(B).  The next question is whether service was proper under either Georgia or California law.

Under Georgia law, if an action is against a foreign corporation like KunJek that does not have authorization to

---

[1] KunJek argues that Winters was not a KunJek employee, but it did not point to evidence to establish this assertion.

2

transact business in Georgia, then service must be made on the corporation's "managing agent" or "to a registered agent designated for service of process." O.C.G.A. § 9-11-4(2); *accord* O.C.G.A. § 9-10-94 (stating a person subject to jurisdiction of Georgia courts "may be served with a summons outside the state in the same manner as service is made within the state"). Plaintiff does not assert that Ms. Winters was KunJek's managing agent or a registered agent designated for service of process, and Plaintiff does not argue that service was proper under O.C.G.A. § 9-11-4(2). Rather, Plaintiff asserts that service was proper under O.C.G.A. § 9-11-4(7), which governs service of process on individuals who are not minors or judicially declared incapable of conducting their own affairs. That statute states that service shall be made by delivering the summons and complaint "to the defendant personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." O.C.G.A. § 9-11-4(7). Plaintiff argues that since Mr. Wen was not available when her process server went to serve him, service on Ms. Winters should be considered proper because she was over the age of eighteen and was at the address for KunJek's registered agent. But O.C.G.A. § 9-11-4(7) requires service at "the defendant's dwelling house or usual place of abode," with

3

someone "then residing therein." There is no contention that KunJek's registered agent or Ms. Winters resided at the address where the process server delivered the summons and complaint to Ms. Winters. Thus, even if a corporation could be served under O.C.G.A. § 9-11-4(7), service here was not proper.

Service was also insufficient under California law. In California, service on a corporation must be made to "the person designated as agent for service of process" or to "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10(a) & (b). Plaintiff argues that because she attempted to serve the summons and complaint on the agent for service of process, it should be enough that she delivered the summons and complaint to a receptionist at the registered agent's address. But that is not what the law says, and Plaintiff did not point to any authority suggesting that the Court may ignore the plain language of the statute and find that service on any person at the registered agent's address is sufficient. Accordingly, Plaintiff did not validly serve KunJek under California law.

Since Plaintiff did not validly serve KunJek, the Court cannot exercise personal jurisdiction over KunJek. *See, e.g., Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 855 (11th Cir. 2010) (noting that proper service of process is a component of personal jurisdiction). Thus, Plaintiff's motion for default judgment (ECF No. 44) is denied. The Court denies KunJek's motion to dismiss for insufficient service of process (ECF No. 35) at this time. Within ninety days of the date of this order, Plaintiff shall properly serve KunJek in accordance with the law and file a proof of service with the Court. If Plaintiff fails to do so, her claims against KunJek will be dismissed without prejudice. In light of this ruling, the Court declines to address KunJek's alternative motion to dismiss for lack of personal jurisdiction. Nothing in this order shall prohibit KunJek from renewing its motion to dismiss for lack of personal jurisdiction if it is properly served.

IT IS SO ORDERED, this 17th day of April, 2020.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA